# BUFORD ET AL *vs.* TUCKER.

[ACTION ON PROMISSORY NOTE GIVEN FOR HIRE OF A SLAVE.]

1. *Hire of slave, note for; what no defense against.*—The fact that a slave, hired for the year was taken from the possession of the hirer in the spring of the same year by the presence of the Federal army, and not regained, is no defense against a note given on 1st of January, 1865, for the hire of the slave for that year. The hirer is nevertheless bound for the hire of the slave for the entire term for which the contract of hiring was made.

2. *Custom, evidence of; what does not constitute requisites of.*—An alleged custom, that has its origin only some three or four years before, is not such a legal custom as will displace the general law. Such an alleged custom must want all the necessary requisites and elements of a good custom. It certainly wanted antiquity, and must also have wanted certainty, consent, obligation, and the other elements of a good custom. Evidence offered, therefore, to prove that at the time of hiring a slave, there was a general, notorious, custom in the neighborhood and county in which said hiring was made, that where the word dollars was used in contracts, and nothing said of the kind of dollars, the parties understood and meant Confederate money, was properly rejected, on motion of the party against whom it was offered.

3. *Charge of court; what erroneous, as to amount of recovery for hire of slave.*—Where there was evidence before the court that the slave was not worth, in good money, the sum agreed to be paid in the note, a

7

charge to the jury that the plaintiff was entitled to recover the amount of the note and interest, is erroneous.

4. *Hire of slave; what amount hirer entitled to recover, for.*—The hirer is only entitled to recover the value of the services of said slave, as a hireling, at the time of the hiring, in lawful money of the United States.

APPEAL from the Circuit Court of Lowndes.

Tried before Hon. GEORGE GOLDTHWAITE.

This was an action on a promissory note, executed on the — day of January, 1865, for the hire of a negro woman, a slave, and several children, for the year 1865. No pleas appear in the record. The case was tried before a jury and resulted in a verdict for the appellee, the plaintiff below.

From the bill of exceptions, it appears that it was proved on the trial, that said slave was taken from the appellants (defendants below) by the presence of the Federal army, in the spring of the year 1865, and that she was never regained by them; and that the services of said slave were not worth the amount of the note in good money. The defendants also offered evidence to the effect, that said note was made in Lowndes county in this State; that the contract of hiring was between persons resident at that time in said county; that at the time of giving said note, the only currency circulating in the county was Confederate treasury-notes, and treasury-notes of the State of Alabama, redeemable in Confederate treasury-notes; that there was at the place, and in the county, generally, where said note was given, a general and notorious custom, that where the word dollars was employed in a contract, and nothing said of the kind of dollars, that the contract was to pay in Confederate money. The plaintiff objected to the admission of this evidence, and the court sustained the objection and excluded the evidence, and defendants excepted.

The court charged the jury, that the plaintiff was entitled to a verdict for the amount of the note and interest, less the amount of a set-off proved, and defendants excepted.

The exclusion of the evidence of the alleged custom, and the charge of the court, are now assigned for error.

STONE, CLOPTON & CLANTON, for appellants.
CLEMENTS & WILLIAMSON, *contra.*

PECK, C. J.—There was no error in excluding the evidence offered in relation to the existence of the alleged general custom, said to have existed at the place, and in the county, where the note was given.

We know, historically, that Confederate currency—treasury-notes—was first issued about the year 1862, and, therefore, the alleged custom wanted nearly all the necessary requisites and elements of a good custom. It certainly wanted antiquity, and it must also have wanted certainty, consent, obligation and the other elements of a good custom.

2. The evidence of the character of the currency in circulation, &c., was competent and proper, but without such evidence, the courts will take notice without proof, that as a general thing, among the people, at the date of said note, contracts were made with reference to Confederate currency.

Judge Ormond, I think, in the case of *Bates & Hines v. The Bank*, 2 Ala. Rep., said, in substance, he could see no reason why the court should be ignorant of what all the rest of the world knew.

The charge of the court, therefore, was wrong in directing the jury, that the plaintiff was entitled to a verdict for the amount of the note and interest, less the set-off proved; the plaintiff was only entitled to recover what, at the date of the note, the services of the slave were worth in the year 1865, in the legal currency of the United States. He was, however, entitled to recover for the services for the entire year 1865. By the contract of hiring, the defendants became the owners of the slave, for the time of the hiring, and if emancipation took place before that time expired, the owner must lose her property in the slave, and the hirer must lose the services of the slave for the period stipulated.

Let the judgment be reversed, and the cause remanded, for a new trial at the costs of the appellee.